■ Gizella Dobransky, Appellant, v Miklos Dobransky, Respondent. — In an action in which the plaintiff wife was previously granted a judgment of divorce, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walsh, J.), dated May 20, 1981, as, after a hearing, canceled arrears in alimony and child support, awarded defendant a counsel fee payable out of the proceeds of the sale of the marital home while denying her application for a counsel fee, failed to make an allocation of alimony and child support retroactive to the date of the judgment of divorce, and held that defendant may move to suspend alimony, maintenance and/or child support payments in the event his visitation rights were interfered with. Order reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to Special Term for a new hearing and determination in accordance herewith. By judgment dated April 5, 1978, the plaintiff was granted a divorce on the ground of cruel and inhuman treatment. The judgment awarded custody of Gizella, the parties' daughter, then 11 years old, to the plaintiff, with visitation rights to the defendant, directed the defendant to pay the unallocated amount of $110 per week for alimony and child support, and provided for the sale of the marital home as follows: "ADJUDGED AND DECREED, that the plaintiff and defendant agree upon a reasonable selling price and offer the marital home for sale, and in the event the parties are unable to agree on a selling price, an application may be made for the appointment of an appraiser to resolve said issue; and it is further ADJUDGED AND DECREED, that upon the sale of the marital home the net proceeds of said sale be divided equally between the plaintiff and the defendant, and all then unpaid real estate taxes, mortgage installments and utility bills are to be deducted from defendant's share of the net proceeds." In the decision upon which the judgment of divorce was based, the court articulated the hope that the sale of the former marital home would not be delayed too long beyond the 30-day period within which the defendant was to vacate the premises. After a few months had elapsed, the defendant ceased making the required payments, Gizella no longer visited the defendant, and the plaintiff refused to consent to a sale of the former marital home for the sum of $70,000. By order dated February 8, 1979, the court directed that the premises be appraised and that the plaintiff not interfere with its orderly marketing, granted leave to the plaintiff to enter a judgment for $2,950, and directed the defendant to pay certain amounts for real estate taxes, fire insurance and mortgage payments and to continue to comply with the judgment. The court awarded the plaintiff a counsel fee of $350. The counsel fee and the judgment for $2,950 were to be satisfied from the defendant's equity at the time of the sale. Apparently, no judgment for $2,950 was entered. By order dated June 22, 1979, the court found the parties to be "at an impasse", saying: "The conclusion is inescapable that plaintiff, on the one hand, has failed to cooperate with respect to the sale of the marital home, while defendant, on the other hand, has failed to make the payments of alimony and child support ordered by [the judgment of divorce]. * * * The juncture in which the parties now find themselves cannot be permitted to continue." On October 12, 1979, following a hearing, the court found the plaintiff in contempt "for failing to comply with

the court order in not cooperating in the sale of the house, based on her refusal, conceded by her in not wanting to sell the house." A subsequent application by the defendant for downward modification of alimony and child support, based upon plaintiff's income, was granted and the lump-sum payments of $110 were reduced to $85, unallocated, retroactive to February 17, 1980. However, defendant's failure to make the court-ordered payments continued. By order dated June 25, 1980, in a Family Court proceeding commenced by the defendant to enforce his visitation rights, the court ruled, following an *in camera* conversation with Gizella, that "visitation should not be forced upon [the] daughter at this time." The plaintiff vacated the premises on May 28, 1980, following a series of court orders, and the former marital home was sold for $79,000 on July 8, 1980. On a motion by the plaintiff, *inter alia,* for leave to enter a money judgment for arrears in alimony and child support and an application by the defendant to determine the amounts to be distributed to the parties from the proceeds of the sale of the former marital home, Special Term commented, after a hearing: "It has been clearly established that plaintiff failed to cooperate in any manner in efforts to sell the marital home. Indeed, it was only after innumerable applications had been made and orders entered that a sale was finally consummated. During those protracted proceedings, plaintiff was adjudged in contempt for her wilful refusal to comply with the marital home sale provision of the judgment of divorce. Orders were entered directing the sheriff to execute a contract of sale and deed in plaintiff's behalf if the marital home was sold for not less than $75,000, a direction that plaintiff vacate the marital home prior to closing of title after a sale of the marital home had been contracted and, finally, the sheriff was directed to physically remove plaintiff from the premises." Noting that the subject residence was not sold until "more than two years after the date of the judgment of divorce", the court found that the delay in the sale was caused by the plaintiff's "obstructive tactics which effectively thwarted the court's expressed expectation that a sale would be accomplished within a reasonable time after defendant vacated the premises". The court further stated that the defendant had "had no visitation with his daughter, Gizella, for some time". While commenting that "Gizella testified that she voluntarily terminated visitation with her father in order to pursue her own schedule of activities", the court found that "there is no indication that plaintiff, as the custodial parent, encouraged Gizella to maintain a relationship with defendant and her two brothers who live with him". The court canceled the arrears in alimony and child support, which the plaintiff claimed totaled $11,960 as of the date of the hearing, on the ground that, as a result of the plaintiff's recalcitrance, the defendant had incurred additional expenses with respect to the sale of the former marital home which exceeded the amount of the arrears. The court awarded the defendant a $1,500 counsel fee to be deducted from the plaintiff's share of the proceeds from the sale. The finding that the plaintiff obstructed the sale of the subject premises contrary to the lawful orders of the court is amply supported by the record. However, the period of time during which the plaintiff may be found to have been "intransigent" is considerably less than the "more than two years" referred to by Special Term. The April, 1978 judgment of divorce provided for the appointment of an appraiser "in the event the parties are unable to agree on a selling price". In view of the fact that the residence was eventually sold for $79,000, the plaintiff's refusal in July, 1978 to consent to the sale of the property for $70,000 was hardly an "obstructive tactic". The court's direction in February, 1979 that the premises be appraised was contemplated in the judgment of divorce. The plaintiff's continuing attempts to enforce defendant's compliance with the orders of the court with respect to the payment of alimony

and child support were entirely proper. The period of "intransigence" may not be found to have commenced until after the order dated February 8, 1979, in which the plaintiff was directed not to interfere with the orderly marketing of the premises. We agree with Special Term that the defendant is entitled to offset against the arrears an amount not to exceed the reasonable and necessary expenses he incurred by reason of the plaintiff's "intransigence". These expenses may be offset only against the portion of the unallocated arrears due as alimony. The defendant is not entitled to an offset against the portion of the unallocated arrears which are due for child support, since there is no evidence that the plaintiff "wrongfully interfered with or withheld visitation rights" (see Domestic Relations Law, § 241) and the Family Court had held that "visitation should not be forced upon" Gizella at the time. It will be necessary therefor to make a retroactive allocation of the lump-sum payments between alimony and child support. In calculating the amount of the offset, the plaintiff should be credited with the payments made by her toward the mortgage, real estate taxes and utilities. Accordingly a hearing is required. In view of the defendant's continuing failure to comply with the various orders directing him to pay alimony and child support, it was an improvident exercise of discretion to award him a counsel fee. On this record, neither party is entitled to such a counsel fee. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.