# David Gil v. Gloria B. Gil

[563 A.2d 624]

No. 88-468

Present: **Allen, C.J., Peck and Dooley, JJ., and Connarn, D.J. (Ret.)
and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed June 2, 1989

*Joseph D. Fallon*, Hinesburg, for Plaintiff-Appellant.

*Agel & Curtis*, Burlington, for Defendant-Appellee.

**Allen, C.J.** The parties were divorced by order of the Bennington Superior Court in 1977. The court incorporated stipulations of the parties regarding the division of property, child custody, and alimony in the final decree. Plaintiff husband moved to modify the decree to terminate his alimony obligation, arguing a real, substantial, and unanticipated change in circumstances. He appeals from a trial court order declining modification. We affirm.

The parties had been married for thirty years at the time of the divorce and had four children, two of whom were residing with defendant wife and were fifteen and seventeen years old. Under the order the plaintiff was required to pay the defendant $15,000 per year commencing April 1, 1977 and ending "upon the death of either [h]usband or wife, the payments otherwise to continue for ten (10) years or until the remarriage of wife, whichever occurs later." Plaintiff paid pursuant to the stipulation and resultant decree for ten years and then ceased making payments. The defendant objected, after which the plaintiff commenced an action for "Declaratory Relief and Reformation." In his complaint plaintiff alleged that the parties intended that the alimony should cease after ten years and that the agreement should be so interpreted, or in the alternative, that the agreement should be reformed so as to reflect the true agreement of the parties that it terminate after

10 years. The trial court concluded that the agreement was clear and unambiguous and that there were no grounds for reformation. Plaintiff does not appeal this determination.

Plaintiff also sought to modify the order and does appeal from the trial court's determination that there were no real, substantial and unanticipated changes to justify modification of the order. He stressed in connection with this argument that the defendant was in a long-term cohabitation relationship, that she was now self-supporting, that none of the parties' children were living at home, and that his business fortunes had changed for the worse.

The trial court found that the cohabitation relationship existed at the time of the divorce, and that no matter how close to marriage the defendant's current relationship was, it was not in fact marriage. The court further found that the financial information presented did not entitle the plaintiff to relief, that any financial hardship plaintiff had suffered was self-inflicted, and that the annual alimony payments, in light of the length of the marriage and number of children, were not unconscionable. The court ordered plaintiff to pay arrearages with interest and awarded the defendant $500 to help defray her legal expenses.

When seeking modification of a maintenance order, pursuant to 15 V.S.A. § 758, proof of a real, substantial and unanticipated change in circumstances is a jurisdictional prerequisite, and the burden of proof rests on the party seeking modification. *Bullard* v. *Bullard*, 144 Vt. 627, 629, 481 A.2d 1049, 1051 (1984); *Mancini* v. *Mancini*, 143 Vt. 235, 239, 465 A.2d 272, 274 (1983). In considering a motion to modify, the trial court must "assess the parties' current circumstances in light of their circumstances at the time of the divorce. If those circumstances *changed* in any way which was 'real, substantial and unanticipated,' the court could modify the judgment as to maintenance." *DeKoeyer* v. *DeKoeyer*, 146 Vt. 493, 496, 507 A.2d 962, 964 (1986).

The plaintiff, here, has pointed to no change in circumstances sufficient to justify modification of the maintenance award. The departure of the minor children from defendant's household was the inexorable result of the passage of time, not the result of an unanticipated change of circumstances. The trial court found, and plaintiff does not dispute, that any decrease in his income level due to recent hard times for his business was "self inflicted and could be overcome by continued devoted efforts to the business." Finally, the fact that the defendant's cohabitation with another

man has changed since the time of the divorce with both parties now sharing expenses cannot be characterized as unanticipated under these circumstances. The cohabitation was in existence at the time of the original divorce order in 1977, and the fact that the cohabitating parties would eventually share expenses was not unanticipated.

*Affirmed.*