# Anna K. Elmore v. Bruce E. Elmore

[617 A.2d 159]

No. 91-507

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 9, 1992

*Vincent A. Paradis* and *Norman C. Smith* of *Bergeron, Paradis, Coombs & Fitzpatrick*, Burlington, for Plaintiff-Appellant.

*Helen V. Torino*, Colchester, for Defendant-Appellee.

**Morse, J.** Plaintiff wife appeals from the family court's refusal to award her $9,000 pursuant to a stipulated settlement provision embodied in a court order requiring defendant husband to pay a $3,000 penalty fee each time biannual maintenance payments were not made by a date certain. We are called upon to decide the enforceability of a stipulated provision in a divorce judgment imposing a penalty for untimely compliance with court ordered payments. We reverse, in part.

The wife filed a complaint for divorce in September 1987. On February 1, 1988, the court issued a temporary order requiring the husband to pay $2,500 per month in maintenance and $1,500 per month in child support. Defendant failed to make the payments, and in April of 1988, in response to a contempt motion, the court ruled that a $100-per-day penalty would be added for each day the payments were not made after the first day of each month. Following renewed contempt motions grounded on defendant's failure to abide by court orders, the court ruled on the merits of the divorce on September 13, 1988, awarding the wife $1,300 per month in child support and $2,200 per month in maintenance for five years.

Then began a further series of motions and orders aimed at getting defendant to abide by the terms of the divorce order. Finally, with an appeal of the divorce order and at least two contempt motions pending, the parties stipulated to an agreement that was incorporated into an order of final settlement on May 11, 1989. In lieu of the maintenance provision of the divorce order, the consent order required defendant to pay plaintiff $60,000, with payments of $15,000 to be made semiannually on January 1, 1990, July 1, 1990, January 1, 1991, and July 1, 1991. The order further provided that, unless delay in payment were caused by sickness or disability, defendant would be required to pay an additional $3,000 should he be over ten days delinquent in making any of the payments. The first payment was made on time. The second payment was made in two installments, with $2,500 paid on time, and $12,500 paid on July 30,

1990, within a day or two of plaintiff's return from out of town. The third payment was made one day late, on January 11, 1991. The fourth payment was made in two installments, with $5,000 paid on July 18, 1991, and the remaining $10,000 paid on August 13, 1991, approximately three weeks after plaintiff filed a contempt motion.

At the hearing on the wife's motion to enforce and for contempt, the court refused to award any of the three requested $3,000 payments, stating that the payments were "only slightly late" compared to "what we see often in this court system." The court's "overall feeling" was that "to assess a $3,000 penalty on any one of these particular late payments would be confiscatory rather than a penalty." The court did award plaintiff approximately $500 to cover attorney fees expended to bring the contempt action.

On appeal, plaintiff argues that the court erred by refusing to enforce the consent judgment. Defendant insists that the court's refusal to enforce the consent order must be sustained because the late-penalty provision is an unenforceable liquidated damages clause that imposes penalty payments far in excess of any reasonable estimate of likely damages. Defendant also argues that plaintiff waived any claims with respect to all but the final payment by failing to invoke the penalty clause in a timely fashion. We uphold the family court's decision as to the first two late payments, but we reverse as to the final payment.

■ Defendant's liquidated-damages analysis, raised for the first time on appeal, is misplaced, given the facts of this case and the nature of the consent judgment. At the time the parties signed the stipulated settlement, defendant had demonstrated repeated blatant disregard for prior court orders. Pending before the court were at least three contempt motions requesting that the court require defendant to abide by earlier orders, including the requirement that defendant pay plaintiff $2,200 per month in maintenance. Rather than merely approve payments agreed upon by the parties, the court adopted the parties' agreement as its own determination of their respective rights and obligations by incorporating the agreement's provisions into the prior divorce order. With respect to the provision relevant to this appeal, the court deleted the maintenance provision of the divorce order and replaced it with the parties' provision

requiring defendant to make four periodic lump-sum maintenance payments. Thus, the consent order was a judgment of the court, and not merely a contract between the parties. See *White v. White*, 296 N.C. 661, 665–66, 252 S.E.2d 698, 700–01 (1979) (distinguishing between situations where court approves of parties' agreement and situations where court adopts parties' agreement as its own determination).

■■ Considering defendant's recalcitrant history with regard to prior orders, the court certainly had the authority to adopt a provision penalizing defendant for any future late payments. Cf. *Ohland v. Ohland*, 141 Vt. 34, 40–41, 442 A.2d 1306, 1310 (1982) (because of defendant's complete disregard for prior court orders, within court's discretion to require $2,500 cash bond before each child visitation as liquidated damages should he fail to return child to plaintiff). The court's adoption of the challenged provision was, in effect, the imposition of a prospective coercive fine in response to the pending contempt motions. Although not favored, such fines are permitted to force parties in contempt to comply with future orders. *Vermont Women's Health Center v. Operation Rescue*, 159 Vt. 141, 151, 617 A.2d 411, 413 (1992) (Court upheld prospective coercive fine intended to assure that abortion protesters would obey court orders). When imposed as a coercive sanction, the fines must be purgeable, and compliance must be easily ascertainable. *Id.* Both requirements were met at the time of the consent judgment in the present case.

■■ Having concluded that the late-payment penalty provision was enforceable, we now consider whether the family court abused its discretion in refusing to enforce it. The court has the discretion to vacate or amend a consent judgment in a divorce case at any time under V.R.C.P. 60(b). *Slansky v. Slansky*, 150 Vt. 627, 628, 556 A.2d 94, 95 (1988). In this case, defendant did not seek to amend or vacate the consent judgment, and the court did not purport to alter the judgment. Instead, the court chose not to enforce it because doing so would be "confiscatory," since the payments had been made and plaintiff presumably had incurred little or no damages. We conclude that this determination constituted an abuse of discretion. The parties agreed to, and the court properly adopted, the late-pay-

ment penalty provision to penalize defendant should he continue to ignore court orders. The court could not then refuse to enforce the order because it was "confiscatory" in nature.

██ ██ Although we reverse the court's order as to the last delinquent payment, we affirm its refusal to award the late-penalty fee in the first two instances. We will not consider defendant's argument that plaintiff waived her claim with respect to the second and third payments by accepting them without invoking the penalty clause. The waiver defense was not raised in response to plaintiff's contempt motion or at the hearing on the motion. Cf. *Brouha v. Postman*, 145 Vt. 449, 452, 491 A.2d 1038, 1040 (1985) (waiver is affirmative defense not available at trial or on appeal unless raised in the pleadings). The trial court did not abuse its discretion, however, by refusing to enforce late-payment penalty fees for the de minimis violations that occurred with respect to the second and third payments. The undisputed testimony was that plaintiff was not available to receive the second payment when it was due, but that she received it shortly after her return from a trip, and that the third payment was made one day after the deadline. Under these circumstances, the violations were so minor that the court's decision to ignore them cannot be considered an abuse of discretion.

*The family court's October 4, 1991 order is reversed insofar as defendant is ordered to pay plaintiff $3,000, plus interest at the legal rate from July 10, 1991. In all other respects, the order is affirmed.*