## Catherine LUSSIER v. Francis LUSSIER

[807 A.2d 374]

No. 01-416

June 21, 2002. Plaintiff Catherine Lussier appeals from an order of the Chittenden Family Court declaring void plaintiff's "entitlement order" drawn on a trust account created by her former husband, Francis Lussier, demanding that the corpus of the trust be transferred to her; enjoining plaintiff from attempting to obtain control of defendant's assets in the trust account; and ordering plaintiff to pay defendant's legal fees. Plaintiff argues that the family court was without jurisdiction to hear this matter, that she was entitled to exercise control over defendant's account, and that because the court erred in its order below, the payment of attorney's fees ought to be reversed. We affirm.

The parties were divorced pursuant to a final order of the Chittenden Family Court on December 15, 2000. The final order provided, in part, that defendant pay plaintiff maintenance in the amount of $75,000 per quarter until 2012. The maintenance obligation would not terminate in the event of defendant's death, but would terminate in the event of plaintiff's death. To secure the maintenance, the original divorce order required defendant to establish a trust account of sufficient value, in which plaintiff would hold a perfected lien. Automatic distributions were to be made to plaintiff according to the schedule set by the order.

To fulfill the family court's order, the parties executed several documents. First, defendant established the Lussier Trust, a revocable trust containing assets in an account held by Salomon Smith Barney sufficient to pay defendant's obligations under the final order. To perfect plaintiff's lien on the account, a

Security Agreement signed by both parties gave plaintiff a first and exclusive security interest in the trust account. The trust also executed an Account Control Agreement that set out in greater detail the assets in the account, Salomon Smith Barney's responsibility to pay on demand, and the plaintiff's ability, as the secured party, to give Salomon Smith Barney entitlement orders to the account.

On July 13, 2001, relying on a provision in the Account Control Agreement, plaintiff issued an entitlement order to Salomon Smith Barney ordering it to transfer all of the assets in the trust account, approximately $3.5 million, to an account in her name. Defendant was not in default under the terms of the final order. After defendant filed several motions to prevent this transaction, the family court issued a temporary order declaring the entitlement order null and void, and ordering plaintiff not to take any actions to obtain possession or title to the assets in the account. The family court ruled that defendant had not defaulted on his maintenance obligation, and that plaintiff was not entitled to accelerate the maintenance award to a lump sum payment rather than the quarterly awards ordered by the court. On August 7, 2001, the court made that order final following a hearing. Plaintiff appeals.

Plaintiff argues that the Account Control Agreement was an independent contract entered into after the divorce was final and therefore outside the jurisdiction of the family court. Plaintiff also claims that the plain language of the Account Control Agreement gives her the exclusive right to control the account by issuing entitlement orders to Salomon Smith Barney. The entitlement order that she issued directing that the account be turned over to an account in her name, she contends, was part of that Agreement. She claims the family court erred in construing the Account Control Agreement as only a security agreement

that is part of the final divorce order. Finally, she argues that the court erred in ordering her to pay attorney's fees.

When parties to a divorce stipulate to the terms of the dissolution of their marriage, we will honor the agreement under the ordinary rules of contract. *Duke v. Duke*, 140 Vt. 543, 546, 442 A.2d 460, 462 (1982). As such, the agreements must be interpreted according to the parties' intent as expressed in the writing. *Hamelin v. Simpson Paper (Vermont) Co.*, 167 Vt. 17, 19, 702 A.2d 86, 88 (1997). We find no support in the facts of this case for plaintiff's claim that the Account Control Agreement gives plaintiff a right to control the assets of the trust account independent of the provisions of the final order of the family court, and is therefore outside the jurisdiction of the court. The final order describes in detail the financial mechanism by which plaintiff's maintenance would be provided. That order includes the requirement that defendant establish an account at Salomon Smith Barney in which plaintiff would hold a perfected lien, and that each party execute whatever documents are "necessary to establish and maintain such account and security interest." To comply with the order, the parties executed the Security Agreement to ensure that plaintiff will continue to receive her maintenance payments in the event defendant defaults or dies before the end of the period specified in the divorce order. The Security Agreement specifically references the final divorce order, the provisions of which impose the obligation to provide plaintiff with maintenance through a secured interest in a trust account. Further, the Security Agreement states that the Account Control Agreement was created to further describe the account and the security interest and to perfect the security interest.

It is within this context that the Account Control Agreement on which plaintiff relies was signed. The document itself describes the security interest that has

been created for plaintiff and states that the account control provisions are "in connection therewith." By its terms, the Account Control Agreement is an extension of the security agreement between the parties, as required by the divorce order. It describes the assets in the account and notes that the "[a]ssets are pledged according to the terms of the Security Agreement." The provision at issue here, on which plaintiff asserts her right to the corpus of the trust, is to protect Salomon Smith Barney, as the administrator of the account, from liability for responding to a payment demand that may have been issued wrongfully. Thus, if Salomon Smith Barney had transferred the $3.5 million dollars in the account to plaintiff, it would not be liable to the trust, even if plaintiff's actions were in violation of the final divorce order. Despite plaintiff's argument, the provision on entitlement orders was not intended, under the circumstances here, to create a right in plaintiff to the money in the account different from the rights she has under the final divorce order. Indeed, it is clear that the trust was established to pay plaintiff's maintenance from the interest generated by the corpus, so that defendant's principal would remain at the end of his obligation. Plaintiff had no right to the entire corpus of the trust at the time of her order. Nor was the Account Control Agreement intended to convey any authority to plaintiff outside the context of the security interest in the trust account. Cf. *In re Stacey*, 138 Vt. 68, 72, 411 A.2d 1359, 1361 (1980) (in contract interpretation courts look to overall context and all material parts). It is a mechanism to implement the terms of the final order and security agreement, should it be necessary to do so.

It is telling that plaintiff's argument in support of her construction of the Account Control Agreement before the trial court could not explain why the trust had decided, generously, to make the corpus of the trust account available to her

within three months of the stipulation and final order limiting her maintenance to $75,000 per quarter. The trial court properly concluded, however, that the Security Agreement and Account Control Agreement were executed to implement the final order and not to grant plaintiff rights different from those to which the parties had so recently agreed. In view of the fact that plaintiff's attempt was so vigorously contested by the creator of the trust, it can hardly have been the intent of the trust to change the terms of the agreement through the mechanism of the Account Control Agreement, the primary purpose of which was to perfect the security interest. Moreover, if we were to adopt plaintiff's proposed construction of these documents, we would penalize defendant for complying with the final order.

Once the factual background of the case is understood, it is apparent that no jurisdictional problem exists. The family court has jurisdiction over its own orders. Title 4 V.S.A. § 454(4) grants the family court exclusive jurisdiction over all divorce proceedings. Where the final divorce order incorporates a stipulation agreement between the parties, that agreement becomes part of the divorce proceedings, and "[a]lthough an independent contract, . . . [it] is within the family court's jurisdiction." *Manosh v. Manosh*, 160 Vt. 634, 634, 648 A.2d 833, 835 (1993) (mem.). Plaintiff's attempt to gain possession of all the assets in the trust account is an attempt to violate the terms of the stipulation in which defendant was to pay maintenance quarterly. Nothing in the parties' stipulation, or the final divorce order, granted plaintiff the right to collect the entire sum of maintenance all at once. The family court had jurisdiction in this case, therefore, to bar plaintiff's attempt to use the Account Control Agreement in a manner contrary to the final order. See *Schwartz v. Haas*, 169 Vt. 612, 614, 739 A.2d 1188, 1191 (1999) (mem.).

Finally, plaintiff claims that the court should not have awarded defendant attorney's fees for this matter. An award of attorney's fees in a divorce action is a matter of judicial discretion. *Kohut v. Kohut*, 164 Vt. 40, 45, 663 A.2d 942, 945 (1995). Plaintiff's only argument is that because the court's order was erroneous, so was the award of attorney's fees. Because we hold that the court's order was not error, there was no abuse of discretion in awarding attorney's fees.

*Affirmed.*