*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-451

APRIL TERM, 2011

| | |
|---|---|
| Thomas Keefe | }      APPEALED FROM: |
| | } |
| | } |
| v. | }      Superior Court, Bennington Unit, |
| | }      Family Division |
| | } |
| Jessica Howard | }      DOCKET NO. 35-1-01 Bndm |

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Husband appeals from an order granting wife's motion to clarify husband's maintenance obligation under the parties' stipulated divorce judgment. We affirm.

The parties divorced in 2001 following a lengthy marriage. The divorce judgment incorporated the terms of the parties' agreement. Paragraph 13 of the stipulated judgment awarded wife spousal maintenance of $14,000 annually until she remarried, cohabitated, or experienced a "substantial change in [her] financial circumstances." The judgment defined the latter as wife's "earning more than $1000 a year of additional income, adjusted for inflation," in which circumstance "the adjustment shall be to reduce the spousal maintenance by the amount over $500 in additional income that [wife] earns in any year that there is such a substantial change in her financial circumstances."

In July 2010, wife filed a motion with the trial court stating that husband had taken the position that spousal maintenance should be reduced by the "amount [wife] could be earning" or "amounts [she] could receive from Social Security" if she claimed benefits. The motion sought to clarify that "additional income" under the agreement refers to wife's actual rather than her potential or possible earnings. Husband disputed wife's assertion that the scope of "income" under the agreement was so limited as to exclude "potential social security income, investment income, rental income" and other "accepted types of remuneration." Following a hearing, the court issued an order interpreting the agreement to incorporate the broad meaning of income as found in 15 V.S.A. § 653(5)[1] but not to include "potential income." The court denied husband's subsequent motion for reconsideration. This appeal followed.

---

[1] This provision in the subchapter of Title 15 dealing with child custody and support defines "gross income" to include "income from any source, including, but not limited to, income from salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, workers' compensation benefits," and the like, 15 V.S.A. § 653(5)(A)(i), as well as "the potential income of a parent who is voluntarily unemployed or underemployed." Id. § 653(A)(iii).

Husband contends the court erred in holding that the law precludes the imputation of potential income to a spouse "for spousal support purposes." The issue before the court, however, was not whether or under what circumstances a trial court may generally consider potential or imputed income in awarding spousal maintenance. Indeed, it is settled that the court's discretion is quite broad in this regard. See, e.g., Kohut v. Kohut, 164 Vt. 40, 44 (1995) (upholding maintenance award to wife based on husband's former salary and court's finding that he was voluntarily underemployed); Scott v. Scott, 155 Vt. 465, 470-71 (1990) (upholding award of spousal maintenance to wife based, in part, on income that husband was "capable" of earning and "imputed" rental income).

Rather the issue here was whether these parties, in their agreement, intended to include wife's potential income in calculating her "earnings" for purposes of reducing husband's future maintenance obligation. See Lussier v. Lussier, 174 Vt. 454, 455 (2002) (mem.) (holding that terms of stipulated divorce judgment "must be interpreted according to the parties' intent"). The trial court concluded that, "for the purposes of ¶ 13" of the parties' agreement, the general definition of "income" under 15 V.S.A. § 653(5) applied, but also that "for the purposes of the same paragraph" the agreement did not include potential income. Husband cites nothing in the record to suggest that the trial court erred in construing the parties' intent to exclude potential income. Accordingly, we find no error.

Nothing in the court's order denying husband's motion for reconsideration compels a different conclusion. Husband had urged the court to adopt the definition of income as set forth in 15 V.S.A. § 653(5). In denying the motion to reconsider, the court observed that the statute defines "potential" income solely in terms of a "parent who is voluntarily unemployed or underemployed," 15 V.S.A. § 653(5)(A)(iii), a definition which would not appear to apply to social security payments that a spouse is eligible to receive having reached the minimum age of retirement.[2] We find no error in this regard, and thus no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

---

[2] Although, for reasons unclear, husband asserts that the issue of wife's eligibility for social security payments was not before the court, in fact he had expressly argued that such payments were " 'potential income' [that] should be counted as income" under the agreement.