*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2019-264

FEBRUARY TERM, 2020

| | |
|---|---|
| Antony Wood v. Kathryn Ritchie* | APPEALED FROM: |
| | Superior Court, Windsor Unit, Family Division |
| | DOCKET NO. 360-12-16 Wrdm |
| | Trial Judge: Theresa S. DiMauro (Ret.), Specially Assigned |

In the above-entitled cause, the Clerk will enter:

Wife appeals from the trial court's denial of her motion to enforce a final divorce order and its award of attorney's fees to husband in connection with her motion for reconsideration. We reverse the court's decisions on these two issues and remand for additional proceedings.[1]

The parties divorced in January 2017 pursuant to a stipulated order. In August 2018, husband moved to enforce the final divorce order and to hold wife in contempt. Wife filed her own motion to enforce in November 2018. Husband focused on a provision concerning the transfer of paintings and jewelry that is not at issue here. Wife cited a provision governing the division of the parties' 2016 tax obligations.

Following a hearing, the court granted husband's requests. It found wife in contempt of the final order with respect to the transfer of paintings and it awarded sanctions to husband for the costs he incurred in enforcing this provision.

The court denied wife's motion to enforce, noting that she filed her request well after the 2016 taxes were filed and she did so only after husband filed his motion to enforce. Wife sought to enforce the following provision in the final divorce order:

"Open Tax Positions":

> 2016 personal obligations understood to be in the order of $20,000-$25,000 of which $10,500 already paid by [wife]. Balance to be shared 50% / 50% between [wife] and [husband].

Wife had provided husband with the estimated 2016 tax obligations via her accountant. The court found that at the time she provided this information to husband in January 2017, her

---

[1] The court ruled on husband's motion to enforce as part of the same order, but that ruling was not appealed.

business income should have been known to her. As it turned out, wife had much higher business income that she did not disclose to husband, which led to much greater tax liability. Her higher business earnings resulted in $33,507 in self-employment taxes and additional taxes of $3131, plus a late filing penalty of $409, for a total of $39,102. The 2016 federal return reflected that $9893 was paid as an estimated tax from the parties' 2015 tax returns and carried forward, reducing the federal tax obligation to $29,209. The state tax return showed $7201 due and the city tax return showed $7534. The court found that the total tax obligation under all returns was $43,944. Wife sought a filing extension in April 2017 and $33,000 was paid toward the federal tax obligation at that time. Wife acknowledged at the hearing that she had received a $3791 federal tax refund, all of which she retained.

The court concluded that, under the circumstances, wife failed to show that husband owed her an additional $11,972 toward the 2016 taxes. It found that, following the execution of their stipulation in January 2017, the parties engaged in extensive negotiations regarding the filing of their 2016 taxes. Husband agreed to file a joint tax return with wife even though he had no obligation to do so and even though he derived no benefit from wife's 2016 business income given the parties' January 2016 separation. Husband paid $10,000 toward the tax obligation in April 2017; he testified that this value was based on the estimated tax burden reflected in the parties' stipulation. The court found that this payment represented a 33% contribution toward the $33,000 debt shown on the federal tax return as of the April 2017 extension request. Husband also agreed to contribute 100% of his share of joint tax losses, which amounted to $197,965, and represented 50% of the total losses reported on the federal tax return. The final order did not require these concessions, and the court found that the concessions helped reduce the parties' overall tax liability.

The court concluded that husband's concessions exceeded the balance claimed by wife. It further noted that in a July 2017 email to husband, wife mentioned medical refund checks that the parties were entitled to share and stated that "they have been minimal—I think the additional tax load I took can balance this out." For these reasons, the court denied wife's motion to enforce. It further concluded that husband was entitled to half of the federal tax refund.

Wife moved for reconsideration, arguing, among other things, that the court had reinterpreted the terms of the parties' agreement without any basis for doing so. Husband objected to the motion and requested attorney's fees expended in responding to the motion. Wife then replied to husband's response. The court denied wife's motion. It noted that wife took inconsistent positions in her two post-judgment filings. The court found its decision supported by the credible evidence, which it recounted. It determined that wife

> simply repeated arguments previously made, failed to identify any controlling data that the court overlooked which would change its decision, simply repeated those same arguments again in her reply to [husband's] Objection, took a position completely contrary to a previously stated position without, seemingly, recognizing that nor attempting to reconcile those positions, and, apparently, failed to read the court's decision regarding its prior award of attorney's fees.

The court found that wife's behavior caused husband to incur additional fees, as he had to respond, not once, but twice to the same arguments. The court thus awarded husband the additional attorney's fees he incurred in addressing wife's motion. This appeal followed.

Wife first argues that the court improperly reformed the terms of the final divorce order. We agree. We apply "contract principles to construe divorce decrees based on stipulations" and "[w]here the language of the decree is unambiguous, we apply it according to its terms." Sumner v. Sumner, 2004 VT 45, ¶ 9, 176 Vt. 452. "Vermont places great emphasis on the finality of property divisions," and such awards cannot be modified "absent circumstances, such as fraud or coercion, that would warrant relief from judgment generally." Youngbluth v. Youngbluth, 2010 VT 40, ¶ 10, 188 Vt. 53 (quotation omitted). "[T]he proper interpretation of a previous court order is strictly a question of law that we must determine independently." Id. ¶ 8 (quotation omitted).

In this case, the parties plainly agreed to evenly split the balance of their 2016 tax obligations, whatever that balance was after wife paid $10,500. As set forth above, they stipulated that: "2016 personal obligations understood to be in the order of $20,000-$25,000 of which $10,500 already paid by [wife]. Balance to be shared 50% / 50% between [wife] and [husband]." While the agreement provided an estimate of the taxes due, it did not contain any caveats about how the obligation should be split if the estimate was wrong. The court's conclusion that husband satisfied his obligation through means other than paying half of the balance varied the terms of the parties' agreement.[2] This was error because the agreement, in its entirety, must be enforced as written.

Based on the parties' agreement, we reverse and remand this case to the trial court to allow it to determine any amount due with precision. The court must enforce the stipulation as written, accounting for sums already paid by each party to fulfill their obligations. The court should also include in its calculation any offsets due husband based on wife's failure to pay him his share of medical refund checks as well as any offset due husband for his share of the 2016 federal tax refund. Given our conclusion, we also reverse the court's award of attorney's fees associated with wife's motion for reconsideration. While the court has discretion in awarding such fees, Lussier v. Lussier, 174 Vt. 454, 457 (2002), we have now reversed on one of the grounds raised in that motion. Our decision thus undercuts the court's rationale for its fee award.

The court's denial of wife's motion to enforce is reversed and remanded; its award of attorney fees in connection with wife's motion to alter and amend is reversed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

---

[2] Husband argued at the hearing that wife had waived any claim to additional tax payments because she agreed, well before this motion was filed, that husband's concessions and other actions satisfied his obligations under the final order. The court did not, however, make any express findings to this effect, nor did it cite any other basis, such as accord and satisfaction, in support of its conclusion that the tax provision was satisfied.

3