NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 84

No. 2021-121

| | |
|---|---|
| Michael Horgan | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Family Division |
| | |
| Kelly DePaolo Horgan | September Term, 2021 |

Barry D. Peterson, J., Specially Assigned

Amanda M. Hemley and Hillary A. Borcherding of Gravel & Shea PC, Burlington, for
 Plaintiff-Appellee.

Jacob Oblak of Bergeron, Paradis & Fitzpatrick, LLP, Essex Junction, for Defendant-Appellant.


PRESENT:  Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.


¶ 1.    **COHEN, J.**  Wife appeals the family division's May 2021 order granting husband's motion to permit him to purchase the marital home.  Wife argues that this was an impermissible modification of the stipulated property division incorporated into the 2017 final divorce order.  We agree, and reverse.

¶ 2.    Wife and husband were divorced in February 2017 through a final order and decree that incorporated their Marital Settlement Agreement ("MSA").  One term of the MSA provided that the parties' marital residence would be sold, that the net proceeds after listed expenses would be split with sixty percent going to husband and forty percent going to wife, and "that neither [husband] nor members of his immediate family [would] purchase the property or any portion

thereof, including the two potential building lots." Since February 2017, husband has been responsible for maintaining the marital residence, which he believes reaches a cost of approximately $13,400 each month due to the mortgage and other expenses.

¶ 3. In October 2017, husband filed a motion to vacate the MSA pursuant to Vermont Rule of Civil Procedure 60(b)(3) and (6). His motion challenged the MSA as a whole and argued that his lack of legal representation and severe depression at the time of signing the MSA rendered it legally void. There was a lengthy process in which both parties filed multiple motions and the family division held hearings on the issues. Ultimately, the family division denied the motion to vacate in April 2020 after hearing testimony from several medical professionals who treated and/or assessed husband, finding that husband failed to establish grounds for relief under either Rule 60(b)(3) or (6). The court found that husband did not prove the elements of fraud, duress by improper threat, or duress by undue influence, and did not show that the MSA was procedurally or substantively unconscionable, or that he lacked the legal capacity to sign the MSA. Husband did not appeal the decision to this Court.

¶ 4. In June 2020, husband filed a verified emergency motion to permit his father to purchase the marital home. Husband alleged several facts in his motion, including that the only offer for the marital residence was received in September 2015 for over one million dollars below the asking price, that wife did not agree to reduce the asking price, that wife has not signed the most recent listing agreements for the residence, and that husband and his father have invested significant money—approximately four million dollars—in the marital residence. In the motion, husband's father offered wife $140,000 for her interest in the marital residence. The motion did not rely on any law to support husband's request. Wife responded in opposition, challenging husband's father's right to intervene under Vermont Rule of Civil Procedure 24 and disagreeing with several of the alleged facts, including husband's allegations about her unwillingness to sign the listing agreements, and noting that she was willing to accept the September 2015 offer.

¶ 5.    The court issued an entry order in July 2020 stating that it would set a hearing when the court's schedule permitted and that "[t]he Court will permit [husband] to purchase the property once the Court determines the property[']s current fair market value and what obligations need to be paid prior to the parties splitting the equity pursuant to the Marital Settlement Agreement."  A hearing was subsequently set for August 2020.  Wife moved to continue the hearing.  The court issued an entry order granting her motion and stating that it anticipated setting a hearing "on all outstanding issues including to establish the fair market value for the marital residence; and giving [husband] and/or [husband]'s father an opportunity to purchase the property."  In December 2020, wife filed a motion to enforce the MSA, asking the court to prohibit husband and his family from buying the marital residence.

¶ 6.    In May 2021, the court held a hearing on all pending motions, including husband's motion to purchase the marital home and wife's motion to enforce.  It subsequently issued an order denying wife's request to prohibit husband or his father from purchasing the property.  It stated:

> Pursuant to the Court's Entry Regarding motion dated 7-7-20, and Entry Regarding Motion dated 8-13-20 the Court notified the parties of its decision to permit [husband] or [husband]'s father to purchase the property once the Court determines the property's fair market value and what obligations were to be paid prior to the parties splitting the equity pursuant to the Marital Settlement Agreement. Neither party requested reconsideration or appealed the Court's 7-7-20 or 8-13-20 decisions.

The May 2021 order awarded husband the sole title, use, and possession of the marital residence, subject to husband paying wife $338,171.25 for her share of the equity and removing her name from any associated debts.

¶ 7.    Wife appeals to this Court, arguing that Vermont precedent prohibits modifying a final divorce property division and therefore the May 2021 order was inconsistent with the law. Husband counters that wife failed to appeal from the July 2020 and August 2020 entry orders and therefore this appeal is untimely.  He further argues that the order was an enforcement rather than

3

a modification of the divorce decree, and wife is estopped from pursuing this appeal because she created obstacles to selling or renting the marital residence.

¶ 8. We review questions of law de novo. Louko v. McDonald, 2011 VT 33, ¶ 7, 189 Vt. 426, 22 A.3d 433. Before addressing the merits of wife's arguments regarding the modification of the divorce decree, we first dispose of husband's assertion that wife's appeal is untimely.

¶ 9. Husband's argument that wife's appeal is untimely rests on his assertion that the July and August 2020 entry orders were final appealable orders. We disagree. As this Court has repeatedly held, "the test of whether a decree or judgment is final . . . is whether it makes a final disposition of the subject matter before the court." In re Webster's Est., 117 Vt. 550, 552, 96 A.2d 816, 817 (1953); see also Morissette v. Morissette, 143 Vt. 52, 58, 463 A.2d 1384, 1388 (1983) (same); Woodard v. Porter Hosp., Inc., 125 Vt. 264, 265, 214 A.2d 67, 69 (1965) (same). Although the entry orders issued in July and August 2020 expressed the family division's intent to allow husband or his father to purchase the marital residence, they were not final appealable orders. The intent expressed in both orders was conditioned on the occurrence of a hearing and findings of fact related to the fair market value of the marital residence; it is conceivable that the family division could have ultimately reversed course after the hearing and denied husband's request. It was not until the May 2021 order that the family division officially "awarded sole title, use, and possession of the marital residence" to husband. Therefore, it was in the May entry order that the family division made a final disposition of the subject matter—that is, the ownership and fair market value of the marital residence—before the court. It would be inappropriate and contrary to judicial efficiency to require wife to engage in a piecemeal appeal from the earlier entry orders when the matter was not finally disposed and the record not fully developed. See In re Pyramid Co. of Burlington, 141 Vt. 294, 300, 449 A.2d 915, 918 (1982) ("Piecemeal appellate review causes unnecessary delay and expense, and wastes scarce judicial resources.").

4

¶ 10. Having concluded that wife's appeal is timely, we turn to her argument that the court improperly modified the final property division by transferring title of the marital residence to husband. Vermont law prohibits the modification of property divisions resulting from a divorce decree "absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." Boisselle v. Boisselle, 162 Vt. 240, 242, 648 A.2d 388, 389 (1994). Under Vermont Rule of Civil Procedure 60(b) Relief from a Judgment or Order, these circumstances include six potential justifications such as fraud, misconduct, and mistake. V.R.C.P. 60(b).

¶ 11. Wife is correct that transferring ownership of the marital residence to husband is a modification because it contravenes the express language and intent of the divorce decree's prohibition on selling the property to husband or his family. Husband argues that the superior court enforced rather than modified the divorce decree because the marital residence was on the market for six years with only one offer for below market value and the May 2021 order provided wife with her allotted forty percent of the proceeds from the sale. He asserts that paying wife forty percent of the fair market value of the marital residence ultimately benefits wife and does not alter the intended asset division. In addressing the issue of the express provision prohibiting him and his family from purchasing the marital residence, husband alleges that enforcement orders may contradict an agreement's plain language to effectuate the agreement's intent.

¶ 12. It is true that Vermont courts may issue supplemental orders to enforce final property divisions resulting from a divorce decree. Mason v. Mason, 2006 VT 58, ¶ 15, 180 Vt. 98, 904 A.2d 1164. However, the cases husband cites in his brief do not support his assertion that the family division enforced rather than modified the divorce decree in the present case.

¶ 13. In Mason, this Court upheld the family division's enforcement of the final divorce decree by requiring wife to transfer husband an additional 8033 shares of stock despite a stipulation in the decree that required a specific number transfer not including the additional 8033 shares. Id.

¶ 1. The Court's decision rested on the fact that wife knew about and hid knowledge of an

impending stock split before the parties signed the stipulation. Id. ¶ 3-5. As a result of her failure to disclose the information, the division of stock shifted from one-third to husband and two-thirds to wife as intended in the stipulation to one-fifth to husband and four-fifths to wife after the stock split. Id. ¶ 5. In prioritizing the designated proportions rather than the specifically enumerated number of shares, the family division did not modify the divorce decree but rather enforced the intended division of marital property. Id. ¶ 16.

¶ 14. Similarly, in Schwartz v. Haas, this Court upheld the family division's enforcement of the final divorce decree by offsetting $50,000, the amount wife owed husband for her share of the marital estate, from husband's monthly maintenance obligation. 169 Vt. 612, 613, 739 A.2d 1188, 1189 (1999) (mem.). As we explicitly noted in the entry order, "We view this situation as one in which the family court was not modifying its property division or maintenance award but, rather, was seeking to enforce the terms of the decree as originally entered in the face of intransigence by one of the parties." Id. at 614, 739 A.2d at 1190. The enforcement used setoff as an equitable remedy rather than a permanent modification of the divorce decree, and it was through this remedy that the Court was able to "reduce the multiplicity of actions" and expedite distribution. Id. at 614, 739 A.2d at 1191.

¶ 15. The present case is distinguishable. Although the difference between what may be considered enforcement compared to a modification of property division is not an exact science, a court cannot enforce the parties' divorce decree by simply ordering a transfer of money to effectuate the decree's original intention where it is contrary to the stipulated final order and objected-to by a party. Allowing husband or his family to purchase the marital residence would directly violate a specific provision in the agreed-upon order, which expressly prohibited husband or his family from purchasing the marital residence. By effectively asking the court to strike an explicit term of the agreement, husband was seeking a modification rather than enforcement of the divorce decree.

6

¶ 16.    Because husband was seeking to modify the divorce decree, his primary avenue for relief was a motion for relief from judgment under Rule 60.  The superior court's May 18, 2021 order was a modification of the property division in violation of Vermont law asserting the finality of property divisions in divorce proceedings.  Boisselle, 162 Vt. at 242, 648 A.2d at 389.  Rule 60(b) provides that the court, on motion, may relieve a party from a final judgment for six enumerated reasons.  The order on appeal was not the result of husband's request for relief under Rule 60(b) to vacate the specific provision prohibiting him or his family from purchasing the marital residence,* and the superior court's orders do not indicate that any of the criteria for relief under that rule are met.  Modifying the divorce decree by allowing husband or his family to purchase the marital residence would contravene Vermont's long-standing prohibition of modifying property divisions in divorce decrees and is inappropriate here.   If husband were truly attempting to enforce rather than modify the MSA, he could have filed a motion to enforce seeking other available remedies related to the pricing or marketing of the property to expedite the sale.  See, e.g., Mansfield v. Mansfield, 167 Vt. 606, 608, 708 A.2d 579, 582 (1998) (mem.) (upholding family court's order placing marital home at fair market value, to be reduced by $10,000 every ninety days it remained unsold).

¶ 17.    Finally, we reject husband's argument that wife was estopped from enforcing the MSA because she created obstacles to renting or selling the marital residence to a third party.  The family division did not make any findings of fact related to wife's alleged interference, and did not address this argument in the first instance.  In general, issues not presented to the trial court cannot then be raised on appeal.  O'Rourke v. Lunde, 2014 VT 88 ¶ 17, 197 Vt. 360, 104 A.3d 92.  Husband is therefore prevented from arguing estoppel or clean hands on appeal.  Even if wife's actions did reach the level of interference with selling the property, the family division has other

_____

* Husband's 60(b) motion to vacate from October 2017 sought to vacate the entire MSA and was denied as detailed above.

7

avenues as described above to prevent further interference and promote the sale of the marital residence without improperly modifying an explicit provision in the divorce decree.

Reversed.

FOR THE COURT:

_____

Associate Justice