## Kurt MANSFIELD v. Jayne MANSFIELD

[708 A.2d 579]

No. 97-001

February 10, 1998. Plaintiff Kurt Mansfield appeals from a Rutland Family Court decision awarding defendant Jayne Mansfield sole legal and physical rights and responsibilities for the parties' minor children, and distributing the parties' property. Plaintiff claims that three of the court's findings are clearly erroneous and that the court abused its discretion in not properly weighing the recommendations of the family evaluator, not providing an even-handed analysis of the 15 V.S.A. § 665(b) factors, and not making an equitable division of property. We affirm.

Kurt and Jayne Mansfield were married on August 7, 1983. The marriage produced three children, Ross, Tiffany, and Erin, who at the time of the divorce were ages twelve, ten, and seven years old respectively. This divorce action began in 1993.

Pursuant to V.R.F.P. 5(a), the trial court ordered a family evaluation, which was filed with the court on February 10, 1995. The evaluator recommended that custody of the children be awarded to plaintiff, with legal rights and responsibilities shared by both parties. Defendant subsequently contacted a psychologist and entered into counseling with him. The psychologist concluded that the children would be best served if they were to remain in the primary care of defendant. The trial court granted the divorce and, acting under § 665(b), awarded legal and physical rights and responsibilities of the minor children to defendant, with visitation awarded to plaintiff. Pursuant to 15 V.S.A. § 751, it also made an equitable distribution of the parties' property.

With respect to the custody determination, plaintiff argues that the trial court's findings do not represent a complete, balanced, or even-handed analysis of the § 665(b) factors, that the trial court minimized and mischaracterized the family evaluator's recommendation and placed undue weight on defendant's therapist's testimony, and that certain of its findings are clearly erroneous. The family court has broad discretion in custody matters, and this Court must affirm its decision unless this discretion was erroneously exercised. See *Myott v. Myott,* 149 Vt. 573, 578, 547 A.2d 1336, 1339 (1988). The court is required under § 665(b) only to consider each factor listed when making a determination of parental rights and responsibilities—it imposes no specific requirement on how this consideration is to be manifested in the court's findings and conclusions. See *Harris v. Harris,* 149 Vt. 410, 414, 546 A.2d 208, 212 (1988). In this instance, the family court considered all nine factors in reaching its conclusion that the interests of the children would be best served if defendant was given legal and physical responsibility for them. Its conclusion is supported by defendant's position as the children's primary caregiver, a factor given great weight unless the parent is unfit. See *Harris v. Harris,* 162 Vt. 174, 178, 647 A.2d 309, 312 (1994). We conclude that the family court performed an even-handed and balanced analysis under § 665(b).

Plaintiff also objects to the court's findings from the evaluator's testimony and its ultimate decision not to follow his recommendation. This Court will not disturb a finding of the family court unless, viewing the evidence in the light most favorable to the prevailing party, it is clearly erroneous. See *Semprebon v. Semprebon,* 157 Vt. 209, 214, 596 A.2d 361, 363 (1991). Here, the evaluator recommended that plaintiff receive custody of the children, but qualified the opinion if it were "uncontrovertible" that plaintiff

was a domestic abuser. The court found that plaintiff was a domestic abuser and, as a result, concluded that the evaluator would not recommend he receive custody. Plaintiff complains that it was disputed whether he was an abuser, and the evaluator's qualification did not apply. The court is the fact-finder, not the expert witness. Once the court found the determinative fact, its characterization of the evaluator's testimony was fair. For similar reasons, we reject plaintiff's argument that the court's finding of a qualification in the evaluator's opinion if plaintiff were a liar is unsupported by the evidence.

The court was free not to follow Dr. Aines' recommendation because family evaluation reports are "only advisory in nature, and it is within the discretion of the court to accept or disregard a custody evaluation team's recommendation." *Bonanno v. Bonanno,* 148 Vt. 248, 251-52, 531 A.2d 602, 604 (1987); see *deBeaumont v. Goodrich,* 162 Vt. 91, 104, 644 A.2d 843, 851 (1994). The court explained the basis for its decision. We conclude that it was within the court's discretion.

Finally, with respect to custody, plaintiff asserts error in the court's finding that defendant's counsel testified that plaintiff's first wife said to him that plaintiff would "get even" with her if she testified against him. In fact, defendant's counsel asked the ex-wife on cross-examination whether she made that statement, and she denied making it. Although the court misstated the form of the evidence, it was free to disbelieve the ex-wife's denial of the statement. Moreover, this finding was one of many about the ex-wife's testimony and was inconsequential to the court's decision. We conclude that the minor misstatement of the evidence was a harmless error, see *Paradis v. Kirby,* 138 Vt. 524, 528, 418 A.2d 863, 865 (1980), because the trial court could have simply disbelieved Ms. Mansfield's testimony and made the same finding. See

*Kanaan v. Kanaan*, 163 Vt. 402, 405, 659 A.2d 128, 131 (1995) (a family court's findings are accorded wide deference on review because the court is in a unique position to assess the credibility of witnesses and the weight of the evidence).

With respect to the property division, plaintiff asserts that the court's award was not equitable and was based on improper valuation of certain property. Under 15 V.S.A. § 751, the family court has broad discretion in considering the statutory factors governing distribution of property in a divorce. See *Semprebon*, 157 Vt. at 215, 596 A.2d at 364. We find no abuse here.

Plaintiff's first complaint is about the valuation of a house, no longer owned by the parties, when it came into the marriage. The court credited plaintiff with $10,000 for bringing this house into the marriage, basing its valuation on the amount awarded to plaintiff's ex-wife when they divorced. In reaching this conclusion, the court rejected plaintiff's testimony that he and his ex-wife greatly increased the value of the property during their marriage and it appreciated little during the marriage of the parties. Obviously, the court found this testimony was inconsistent with the small property award to the ex-wife in the earlier divorce. We conclude that the finding was sufficiently supported by the evidence and was not clearly erroneous. Similarly, we dispose of plaintiff's challenge to how and why certain liquid assets owned by the parties were expended. The findings on these assets were supported by the evidence, and their treatment was within the discretion of the court.

Plaintiff also challenges the valuation of the marital residence, a subject of expert testimony from both parties. The court is free to choose a value for property within the range of evidence presented. See *Cabot v. Cabot*, 166 Vt. 485, 497, 697 A.2d 644, 652 (1997). The court's valuation of the marital residence at $400,000.00 was within the range of the values assigned by the experts. Plaintiff's arguments go to the weight of the expert testimony and are not grounds for reversal.

Finally, plaintiff argues that the court imposed an unfair mechanism for requiring him to pay defendant's share of the value of the marital home. The court required the home to be placed on the market at a price equal to its value of $400,000.00, with the price to be reduced by $10,000.00 for each ninety day interval it remained unsold. When fashioning a property award, the family court has the power to order the sale of a marital home. See *Clapp v. Clapp*, 163 Vt. 15, 23, 653 A.2d 72, 77 (1994). In doing so, it is not inequitable to require certain mechanisms to ensure that one spouse pay the other a fair share of the equity in this property, and to fashion an order that will accomplish this in a reasonable amount of time. Courts are normally granted wide discretion in fashioning schedules for distribution of marital property in a divorce. See *Grice v. Grice*, 673 So. 2d 772, 775 (Ala. Civ. App. 1995) (court could award periodic alimony until house is sold and then require a lump sum alimony payment); *deLevie v. deLevie*, 621 N.E.2d 594, 597-98 (Ohio Ct. App. 1993) (court could give occupant of home five years to pay off other spouse's interest). The method of reducing the asking price at regular intervals was reasonable to accomplish the court's objective. We find no abuse of discretion.

*Affirmed.*