2005 VT 37

**Alma OSMANAGIC v. Nedzad OSMANAGIC**

[872 A.2d 897]

No. 04-176

¶ 1. March 23, 2005. Father appeals from the Chittenden Family Court's final divorce order awarding parental rights and responsibilities of the parties' minor child to mother. Because the family court's assessment of the factors contained in 15 V.S.A. § 665(b) is supported by the record, we will not disturb its

---

conclusion that it is in the child's best interests to remain with mother as she relocates to their native Bosnia. Accordingly, we affirm the court's award of parental rights and responsibilities to mother.

¶ 2. The parties, both Bosnian citizens, were married in Bosnia in September 1996. Their son, Alem, was born in Bosnia in 1997. Seeking to escape the war in their home country, the family moved to Vermont in 1999. In November 2002, the parties separated, and mother filed for divorce. While the divorce action was pending, mother was awarded temporary parental rights and responsibilities over Alem, and father was granted three overnight visits per week with him. After two days of hearings, the family court issued the divorce order currently on appeal.

¶ 3. In its order, the family court found that while both parties have been loving parents to Alem, mother has been Alem's primary caregiver. She maintained the family's home, cooked meals, made Alem's medical appointments, found his daycare provider, registered him for school, and stayed home with him when he was sick. The court observed that father had allowed Alem to watch "horror and sex movies," and, as a result, "Alem knows more about sex than the average child." The court also noted that father once advised Alem to retaliate physically against another child who kicked him, and that father had been violent towards mother throughout the marriage.

¶ 4. During the divorce proceedings, mother expressed her intention to return to Bosnia with Alem. She has no family in the United States, and wishes to return to her family in Bosnia, where she expects to be employed as well. Her family there is "relatively well off," as her father holds a "high position in the education field." Alem can speak Bosnian and is close to his Bosnian relatives — particu- larly his maternal grandmother, who has made "lengthy visits to Burlington." The family court also noted that since the family's arrival in Burlington Alem has made friends, learned English, and done well in school. Alem is close to father's sister and brother-in-law, who also live in Burlington.

¶ 5. The family court enjoys broad discretion in determining parental rights and responsibilities. We will disturb the family court's findings only if, viewing the record in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence in the record to support the findings. *Hoover v. Hoover*, 171 Vt. 256, 258, 764 A.2d 1192, 1193 (2000). We will not overturn the family court's legal conclusions so long as they are supported by its findings. *Payrits v. Payrits*, 171 Vt. 50, 53, 757 A.2d 469, 472 (2000).

¶ 6. In awarding parental rights and responsibilities, the family court "shall be guided by the best interests of the child." 15 V.S.A. § 665(b). In assessing the child's best interests, the family court must consider the nine factors contained in § 665(b), and otherwise enjoys the broad discretion outlined above. *Habecker v. Giard*, 2003 VT 18, ¶ 10, 175 Vt. 489, 820 A.2d 215 (mem.). The family court "may draw upon its own common sense and experience in reaching a reasoned judgment" as to the best interests of the child. *Payrits*, 171 Vt. at 53, 757 A.2d at 472.

¶ 7. The family court's decision to award parental rights and responsibilities to mother follows from its factual findings, which in turn are supported by the record. Specifically, the family court emphasized that mother has demonstrated consistently that "[s]he can meet Alem's present and future developmental needs," but father, "while a loving parent, is less able to provide guidance to Alem." In reaching that conclusion, the court relied on its findings, which father

does not challenge, that father used violence against mother in Alem's presence and permitted Alem to watch age-inappropriate sex and horror movies. The court recognized that leaving Burlington and moving to Bosnia will be difficult for Alem, but, on balance, concluded that it had "no doubt that [mother] will look out for Alem's best interests." The court's conclusion here is supported by the record, and we will not second-guess the balance it struck in this case.

¶ 8. Father argues that the family court erred because its order is "silent" concerning "the ability and disposition of each parent to foster a positive relationship and frequent and continuing contact with the other parent" under § 665(b)(5). However, § 665(b) "imposes no specific requirement on how [the court's] consideration is to be manifested in [its] findings and conclusions." *Mansfield v. Mansfield*, 167 Vt. 606, 607, 708 A.2d 579, 581 (1998) (mem.). Moreover, the record contains no evidence to suggest that mother's desire to return to her homeland is intended to obstruct the relationship between father and Alem.

¶ 9. Father also asserts that the court abused its discretion by failing to consider "all of the factors unique to a foreign relocation." Citing a California case, he urges this Court to require the family court to consider three additional concerns specific to cases in which a parent intends to move to a foreign country with the parties' child: (1) the "cultural problem"; (2) the "distance problem"; and (3) the "jurisdictional problem." *In re Marriage of Condon*, 73 Cal. Rptr. 2d 33, 42 (Ct. App. 1998). While a trial court may have discretion to consider these or other factors not contained in § 665(b), the statute does not *require* a court to consider them, and we decline father's invitation to graft the *Condon* factors onto the statute.

¶ 10. Finally, father argues that the court erred by failing to utilize the analysis proposed by the American Law Institute's Principles of the Law of Family Dissolution (ALI Principles). This Court will not consider issues "not briefed at the trial court level" and raised for the first time on appeal. *Agency of Natural Res. v. U.S. Fire Ins. Co.*, 173 Vt. 302, 311, 796 A.2d 476, 482 (2001); see also *Duke v. Duke*, 140 Vt. 543, 545, 442 A.2d 460, 462 (1982) ("We will not reverse a lower court when a party's failure to raise some matter below denied the court an opportunity to consider it."). Thus, because father failed to raise the ALI Principles before the family court, we decline to consider them on appeal.

¶ 11. The family court's conclusion that Alem's best interests will be served by awarding parental rights and responsibilities to mother is supported by the record. Therefore, we will not disturb it on appeal.

*Affirmed.*