*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-275

MARCH TERM, 2011

| | | |
|---|---|---|
| Amy Stevens | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit, |
| | } | Family Division |
| | } | |
| Vito Russo | } | DOCKET NO. 24-1-06 Wmdm |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant father appeals an order from the family division denying his motion to enforce certain aspects of an existing parent-child contact order. Father argues that the court erred in: resolving the motions without a hearing; denying his request to have his daughter testify; and failing to order mother to provide him with photographs of and artwork by the parties' daughter. We affirm.

Following the annulment of the parties' marriage, mother was granted sole legal and physical parental rights and responsibilities of the parties' minor daughter. Father is incarcerated and since the annulment has filed numerous motions to increase contact with his daughter and to hold wife in contempt. This appeal stems from a motion to enforce and for contempt filed by father. Father argued that mother was interfering with the appointed weekly time period when he was supposed to call his daughter and he had consequently missed various telephone calls with his daughter. Father also sought an order requiring mother to send photographs or artwork of their daughter. The court held a hearing in March 2010 at which both parties participated, with father appearing by telephone. Following the hearing, the court ordered the following. First, as to telephone contact, the court explained that father has an ongoing right to continued telephone contact with his daughter at an appointed weekly time and if daughter is unavailable an adult should answer the phone and provide an explanation for her absence. Second, as to photos and artwork the court explained: mother "is encouraged, but not ordered, to send the defendant a recent school photograph of [daughter], if one is available. She is also encouraged, but not ordered, to send [father] any artwork that [daughter] may have done at school, with [daughter]'s permission." Father filed a motion to enforce and subsequent motion to reconsider, asking the court to order wife to send a photograph and artwork. The court denied the motions without a hearing. Father appeals.

On appeal, father first argues that the court erred in denying his follow-up motions to enforce and to reconsider without a hearing. When disposing of written motions pursuant to Rule of Civil Procedure 78(b)(2), the trial court has discretion in deciding whether to hold an evidentiary hearing on a motion. Williams v. Williams, 158 Vt. 574, 576 (1992); see V.R.F.P. 4(a) (explaining that the rules of civil procedure generally apply in divorce cases). We conclude the court did not abuse its discretion where the court had already held a hearing on March 30,

2010 to resolve father's initial motion to enforce and for contempt. Because father's subsequent motions reiterated the same general arguments raised in his initial motion, the court had discretion to decide the issue without an additional hearing. See Williams, 158 Vt. at 577 (holding there was no abuse of discretion in denying defendant's post-trial motions without a hearing where defendant sought to raise issues already presented at trial).

Father also contends that the court erred in denying his request to have his daughter testify. The court has discretion in deciding whether it is appropriate to permit a child to testify concerning custody matters. Cameron v. Cameron, 137 Vt. 12, 14 (1979); see also V.R.F.P 7 (e). Given the nature of father's arguments and that both father and mother were available to testify, the court did not abuse its discretion in concluding that the child's testimony was not necessary.

Next, father argues that the court abused its discretion in failing to order mother to provide him with a recent picture of his child and more contact through visits and telephone calls, which he contends would be in his child's best interests. The family division has discretion in setting the terms of parent-child contact and we will not interfere with the exercise of that discretion unless it "was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." Cleverly v. Cleverly, 151 Vt. 351, 355-56 (1989) (quotation omitted). We conclude there was no abuse of discretion in the court's order regarding father's telephone contact. Father's right to telephone contact with his daughter is set forth in the court's June 15, 2009 order. The court's original order and subsequent denial of father's request to modify reflect it has carefully considered the evidence from the parties and has provided father with appropriate phone contact. As to father's request for a photograph and for artwork, these matters are within mother's prerogative as the custodial parent, and we conclude that the court did not abuse its discretion in encouraging, but declining to order, mother to provide father with such. See Glidden v. Conley, 2003 VT 12, ¶ 15, 175 Vt. 111 (explaining that custodial parent has the right to make certain decisions regarding child).

On a final note, we do not address father's claim that mother has been negligent in caring for the child's health. This issue was not raised in conjunction with the order now on appeal and hence is beyond the scope of our review. See Osmanagic v. Osmanagic, 2005 VT 37, ¶ 10, 178 Vt. 538 (mem.) (matters not raised below are waived on appeal).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2