*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-305

MARCH TERM, 2015

| | | |
|---|---|---|
| Colby M. Cheever | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Crystal Merrick | } | DOCKET NO. 78-4-14 Andm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

In this parentage action, father appeals the court's order awarding mother legal and physical parental rights and responsibilities. Father argues that the court's decision is not supported by the evidence and the findings, and that the court erred in limiting his cross-examination. We affirm.

The court found the following. The parties were in a relationship for twelve years and are the parents to an eleven-year-old son. During the relationship, they lived together. Father drank alcohol to excess. When intoxicated, father engaged in physical fights. Father physically abused mother one or two times a year. Mother was the primary caregiver, and had a warm and loving relationship with their son. After the separation in July 2013, mother moved out and the son stayed with father so he could continue to attend the same school. Because mother moved to a different town and transportation was difficult, she was not able to have contact on weekends as the parties envisioned. Although the plan was for mother to have telephone contact and extended contact on holidays, this did not happen. Months went by without contact with mother. Mother did not attend school events.

In April 2014, father filed this paternity action, seeking parental rights and responsibilities. Mother opposed the request and requested that parental rights and responsibilities be assigned to her. Following a contested hearing in July 2014, the court issued a written order granting mother parental rights and responsibilities with contact for father on alternate weekends. The court assessed the statutory best-interests factors. See 15 V.S.A. § 665(b). The court's findings on some factors were equivocal, favoring neither parent. The court found that while both had a positive relationship with their son, mother's may have weakened from lack of contact during the past year, and father's drinking and violent behavior made him a poor role model. In addition, while mother had been the primary caregiver before the separation, father had acted as the primary caregiver for the last year, and both had a loving relationship with their son. Finally, neither parent had exhibited an ability to foster a positive relationship with the other parent.

One factor favored father. The court explained that the son was well-adjusted to his current school, home, and community, and that a move would cause a disruption. The remaining factors favored mother. The court found that both parents could meet their son's material needs, but that father's past violent behavior and drinking made him a safety risk. The court further found that mother was better able to meet their son's developmental needs as expressed in her past efforts to help him with school and his special needs, while father had shown no particular interest in meeting those needs. Although both parents would be able to ensure that their son's relationships with other family members were maintained, the court found that the son's relationship with his sister, with whom he is very close, would be strengthened if in mother's care where his sister was residing. Finally, the court found that the son had witnessed his father abuse his mother and that the abuse has had a negative impact on him. The court concluded that on balance it was in the son's best interests to award parental rights to mother. The court acknowledged that this would cause disruption in the short term, but that father's excessive drinking and violent temper made him a poor role model and mother would be better able to serve the child's best interests in the long term. Father appeals.

The court has broad discretion in determining parental rights. Hazlett v. Toomin, 2011 VT 73, ¶ 11, 190 Vt. 563 (mem.). In reaching a decision, the family court is required to consider the child's best interests as delineated in § 665(b), but the statute "imposes no specific requirement on how this consideration is to be manifested in the court's findings and conclusions." Mansfield v. Mansfield, 167 Vt. 606, 607 (1998) (mem.). "Where the family court's award of custody reflects its reasoned judgment in light of the record evidence, its decision may not be disturbed." Kasper v. Kasper, 2007 VT 2, ¶ 5, 181 Vt. 562 (mem.).

Father first argues that the court's decision to award mother parental rights is not supported by the evidence or the court's findings. Father asserts that the court improperly focused on his past drinking and violent temper, asserting that the termination of the parties' relationship resulted in a dramatic reduction in his drinking. Therefore, father claims that there is no basis for the court's finding that father's drinking put their son at risk, or would interfere with his ability to parent. Father instead focuses on the evidence showing that mother had very little contact with her son after the separation, and that father took an active role in the son's schooling and attended to his special needs. Father presents an assessment of the best-interests factors as he perceives the evidence.

It is the family court's role to weigh the evidence and judge the credibility of the parties; this Court will not reweigh the evidence on appeal. See Mullin v. Phelps, 162 Vt. 250, 261 (1994). The court credited mother's testimony concerning the extent of father's abuse and did not credit father's claim that after mother moved out he stopped drinking to excess. This finding is supported by the testimony in the record. Further, the court found that although mother did not see her son for several months, father blocked contact when she did call, and that mother continued to have a positive relationship with the son. While father believes that the court should have resolved the conflicting evidence differently, the court did not err in weighing the evidence in the manner that it did. The findings as found in turn support the court's assessment of the statutory best-interests factors. See Hazlett, 2011 VT 73, ¶ 11 (explaining that family court has "broad latitude" in determining the child's best interests).

Father also argues that the court was unable to properly assess his son's best interests without examining mother's boyfriend, who did not appear at the hearing. If father believed that the boyfriend's presence and testimony was essential, it was up to father to secure the

boyfriend's presence and participation at the hearing. Having failed to call him as a witness, father cannot now complain that his testimony was essential to the court's decision.

Finally, father argues that the court prejudiced his presentation of the evidence by limiting his cross-examination of mother and her witnesses. The trial court has discretion to control the extent of cross-examination. In re E.T., 2008 VT 48, ¶ 10, 184 Vt. 273. The trial judge must apply that discretion soundly "with detached patience, understanding and fairness." Children's Home, Inc. v. State Highway Bd., 125 Vt. 93, 98 (1965).

Father fails to demonstrate that the court abused its discretion in controlling the trial. There is no merit to father's claim that he had insufficient time for cross-examination simply because there are more pages of transcript of cross-examination by mother's counsel of his witnesses. Father had one more witness than mother, and in any event, the length of cross-examination bears no relation to the number, complexity and relevancy of the topics being discussed by each witness and thus whether it was proper to limit cross-examination to focus on "the critical issues that [would] settle the controversy." Id. Further, father voluntarily ended his cross-examination of mother's two witnesses. The sole objection father made regarding cross-examination was when the court discontinued his cross-examination of mother.

The court set reasonable limits on father's cross-examination of mother. While the court terminated father's cross-examination of mother, it was after a series of questions on the same subject matter and after the court had admonished father's attorney not to yell at the witness. The court also gave father an opportunity for further questioning after redirect. Moreover, father has failed to demonstrate that further questioning would have produced evidence relevant to the court's analysis of the best-interests factors. Although father asserts that he desired to question mother at greater length regarding his involvement with the child's medical care and education, he made no proffer regarding this at trial, and has failed to demonstrate why he was unable to address these issues during his direct testimony. The court's decision was primarily rooted in its finding that it was not in the child's best interests to award father parental rights because father's abuse of alcohol and history of violent behavior made him a poor role model and a safety concern. Further cross-examination of mother would not have altered this critical finding.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3