*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-248

APRIL TERM, 2015

| | |
|---|---|
| Nicole Little | }    APPEALED FROM: |
| | } |
| | }    Superior Court, Orange Unit, |
|    v. | }    Family Division |
| | } |
| | } |
| Kym Blaisdell | }    DOCKET NO. 43-5-14 Oefa |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Defendant, plaintiff's mother, appeals a final relief-from-abuse (RFA) order entered against her in this civil action.  We affirm.

Plaintiff filed an RFA petition against defendant on May 22, 2014.  Emergency relief was granted on that date.  The family division of the superior court granted a temporary RFA order following a hearing on June 3.  The final hearing was held on July 8.  The court issued a final RFA order the next day based on its conclusion that defendant abused plaintiff by stalking her and that there was a danger of future abuse.  See 15 V.S.A. § 1103(c)(1)(A) (providing that court shall make orders necessary to protect plaintiff if court finds that defendant abused plaintiff and there is danger of future abuse); id. § 1101(1)(D) (defining "abuse" to include stalking).

The trial court's oral findings made at the conclusion of the July 8 final hearing reflect the following facts.  During the time period in question, the parties were involved in a civil dispute concerning ownership or possession of the residence in which plaintiff and her two children were living.  On April 21, 2014, the day that defendant had a law enforcement officer serve papers on plaintiff at her home, defendant drove by the house on four occasions honking her horn and yelling at plaintiff.  On four other occasions between May 6 and May 15, defendant, accompanied by her boyfriend, drove by the house honking her horn and yelling at plaintiff. Defendant told plaintiff that plaintiff could "kiss the house goodbye," that she was going to burn down the house and collect the insurance, and that she was going to "kick [plaintiff's] ass."

On appeal to this Court, defendant argues that the trial court committed reversible error by deciding the case without hearing all of the available evidence, by restricting her cross-examination of plaintiff so as to prevent her from showing that she had a legitimate purpose for her actions, and by crediting testimony from plaintiff that did not appear in plaintiff's affidavit submitted in support of her petition.

Defendant first argues that the court abused its discretion by not allowing her boyfriend to testify.  She argues that her boyfriend would have testified that she did not make the threatening statements described by plaintiff.  We conclude that defendant waived this argument

on appeal by acquiescing to the trial court's decision not to take the testimony of defendant's boyfriend or of plaintiff's witnesses who were prepared to testify.  After the court heard testimony from two police officers and the parties, it stated "we've heard what we need to hear about the case" and "[m]y sense is that the evidence that we need to decide the case is before the Court now."  Defendant's attorney responded: "I agree."  In fact, it was plaintiff who objected, stating that she wanted to present either the affidavit or the testimony of at least one of her witnesses, a neighbor who allegedly heard defendant threaten plaintiff.  When defendant objected to admission of the affidavit, plaintiff requested that the court hear her witnesses.  The court then stated that it would take a break to consider the evidence presented thus far, and depending on where it stood, it might allow plaintiff to call an additional witness.  Upon returning from its recess, the court stated that it would not need to hear anymore testimony, given its resolution of the matter.  It short, defendant indicated her satisfaction with the evidence presented in the case and objected only after the court rendered a decision in plaintiff's favor.

Next, defendant argues that the court abused its discretion by restricting her cross-examination of plaintiff, thus preventing her from demonstrating a legitimate purpose for her actions that could have precluded a conclusion that she was stalking plaintiff.  Upon review of the record, we conclude that the court acted within its discretion in limiting defendant's cross-examination of plaintiff aimed at delving into the details of the underlying civil action between the parties.  See State v. Aronson, 111 Vt. 129, 130 (1940) ("The scope and extent of cross-examination rests largely in the sound discretion of the trial court and its ruling thereon is not revisable in the absence of an abuse thereof.").  Other than making a general statement in her brief that the "record speaks for itself," defendant mentions only her attempt to elicit testimony regarding the details of the parties' civil suit.  According to defendant, she sought to elicit the testimony to demonstrate that she had a legitimate purpose for her actions that formed the basis for the RFA order.  At one point during defendant's cross-examination of plaintiff, defendant's attorney asked plaintiff if she had entered into a contract for a deed concerning the house that was at the center of the parties' dispute.  The court asked defendant's attorney why this was material.  The attorney stated that "if my client is there for a legitimate purpose, that's not stalking."  The court responded that there was no dispute that the parties were engaged in a civil dispute concerning the house in which plaintiff resided, that the police officer who served papers on plaintiff was there for a legitimate purpose, and that defendant was at the premises.  When the court suggested that he move on to a different issue, defendant's attorney said, "Okay."  Later, when defendant's attorney asked plaintiff whether defendant was entitled to go to the house to ask for the return of a vacuum cleaner, the court interjected that this was a legal question.  Defendant responded, "All right."  Moreover, on two occasions following his cross-examination of plaintiff, defendant's attorney stated, "Nothing further," without suggesting to the court that he was being prevented from fully cross-examining plaintiff.  In short, defendant did not object to the court's restriction of his cross-examination.  More importantly, he has failed to explain how delving into details about the parties' underlying dispute could have demonstrated that that there was a legitimate purpose for her threats to plaintiff which were critical to the court's analysis.

Finally, defendant argues that the trial court abused its discretion by allowing and crediting plaintiff's testimony that went beyond what she had stated in her original affidavit in support of her petition.  Again, we find no abuse of discretion.  At the beginning of the July 8 hearing, the trial court informed the parties that its decision would be based on the evidence received at the hearing "and not on the affidavit unless the affidavit is actually received in evidence, which is unusual but can happen."  Defendant's attorney cross-examined plaintiff

regarding her failure to mention in her original affidavit certain threatening comments she testified that defendant had made to her, but he did not object to the court's admission or consideration of that testimony. See Osmanagic v. Osmanagic, 2005 VT 37, ¶ 10, 178 Vt. 538 (mem.) (stating that this Court will not consider issues raised for first time on appeal). Nor does defendant cite any law to explain how it is an abuse of discretion for the court to consider testimony concerning matters that were not mentioned in the affidavit attached to an RFA petition. Defendant suggests that she was not provided adequate notice of the claim that she made threatening statements, but she cross-examined plaintiff regarding the statements and testified on direct examination that she did not make the statements, and she never argued to the trial court that she had not been given fair notice of the allegations against her. Nor does defendant provide a proffer of what evidence she might have presented had she known in advance that plaintiff was going to testify that she made the threatening statements. In short, defendant failed to preserve this argument at the final hearing and, in any event, has failed to demonstrate that the trial court abused its discretion by allowing and considering plaintiff's testimony concerning the alleged threatening statements.

        Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice