*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2015-380

MARCH TERM, 2016

| | | |
|---|---|---|
| Stephanie Busha (Tyler) | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orange Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Peter B. Busha | } | DOCKET NO. 92-7-14 Oedm |

Trial Judge: Howard A. Kalfus,
Acting Superior Judge,
Specially Assigned

In the above-entitled cause, the Clerk will enter:

Mother appeals a final divorce order. On appeal, she argues that the court abused its discretion in awarding to father sole parental rights and responsibilities for the child and in denying her motion to continue the final hearing. We affirm.

The court found the following. The parties, who were married in 2011, have one child, born in July 2010. She was born prematurely and has delays in social and speech development and gross and fine motor-skill development. She receives therapy for these delays. Mother was the primary caregiver for the first fourteen months of the child's life. She began working full time when the parties' daughter was eighteen months old. Father was an electrician and is now a student. While married, the parties resided in an apartment attached to father's parent's home. Father now resides there. After the parties separated in November 2013, their daughter spent roughly even amounts of time with each parent. Both parties began relationships with other people after their separation. Mother was initially in an abusive relationship, which caused her to become fearful and more protective of her daughter. She is now in a relationship with a different man. Father has a girlfriend, who has a seven-year-old daughter. The parties' daughter has a good relationship with both father's girlfriend and her daughter.

The court held a contested hearing to resolve parental rights and responsibilities. Both parents sought primary rights, and their main dispute was over their daughter's readiness to begin kindergarten, with father advocating it and mother seeking to wait an additional year. Experts testified to both proposals and the court did not find one opinion more compelling than the others. The parties proposed different parent-child contact schedules, with father proposing a roughly even split of time and mother seeking a schedule giving her contact sixty-five percent of the time.

The court considered the statutory best interests factors, 15 V.S.A. § 665(b), and awarded father sole parental rights and responsibilities. This appeal by mother followed.

When, as here, parents do not agree to share parental rights and responsibilities, the court must award sole rights to one parent. 15 V.S.A. § 665(a). The court is guided by the best interests of the child, and must consider the nine statutory factors. Id. § 665(b); see Osmanagic v. Osmanagic, 2005 VT 37, ¶ 6, 178 Vt. 538 (mem.). The trial court has "broad discretion in determining parental rights and responsibilities," and its findings will be affirmed unless "there is no credible evidence in the record to support" them. Osmanagic, 2005 VT 37, ¶ 5. Legal conclusions will stand if supported by the findings. Id.

In this case, the court made findings pertaining to the best-interests factors. Of the nine statutory criteria, the court found one not applicable, and four that were neutral. The court found that factors four, five, and seven favored father. The court explained that criterion four—the quality of the child's adjustment to her present housing, school, and community—slightly favored father insofar as father continued to reside in the marital home, and although mother lived nearby, she had considered moving to Pennsylvania. Further, the court found under criterion five that father was better able to foster a positive relationship with mother. Finally, the court found that criterion seven concerning the child's relationship with any other person who may significantly affect the child also favored father because the parties' daughter had a closer and more beneficial relationship with father's girlfriend and her daughter than with mother's boyfriend. The court found that factor six—"the quality of the child's relationship with the primary care provider"—favored mother. 15 V.S.A. § 665(b)(6). The court explained that mother had a close, loving relationship with her daughter and had been the primary caregiver for the child. The court noted, however, that father was also involved to the extent his school and work schedule permitted. Based on this analysis, the court concluded that awarding sole parental rights to father was in the child's best interests.

Mother argues that the trial court improperly weighed the statutory factors in this case by simply focusing on the number of factors favoring each parent rather than on the importance of those factors. Mother argues that her role as primary caregiver is entitled to great weight and the court erred in failing to consider the likely effect of a change in custody on the child.

A parent's role as primary caregiver is entitled to great weight unless the parent is unfit, "but it does not create a presumption that the primary caretaker should be awarded custody." Hubbell (Gault) v. Hubbell, 167 Vt. 153, 156 (1997). The analysis "must be based on the likely effect of a change of custodian on the child." Payrits v. Payrits, 171 Vt. 50, 55 (2000). "Only where there is no evidence of that effect should the court ordinarily find that the child must remain with the primary custodian." Hanson-Metayer v. Hanson-Metayer, 2013 VT 29, ¶ 21, 193 Vt. 490. Here, although the court did not make a specific finding on the effect of granting custody to father there was certainly adequate evidence for the court to make this assessment. The court's findings reflect that although mother was the primary caregiver, both parents were actively involved in the child's life and spent equal time with her. The court noted that although mother took the child to most of the recent medical appointments, father had historically also attended medical appointments. Importantly, the court found that after the parties' separation their daughter spent equal amounts of time with both parents and that this was beneficial for her. Given this active parenting by both parents, the court had sufficient evidence to determine the likely effect of giving father sole parental rights. See id. (determining that court did not err in granting father custody even though mother had been primary caregiver where both parents were actively involved in parenting).

Mother next argues that the evidence does not support the court's findings that factors four, five, and seven weighed in father's favor. As to factor four regarding the child's adjustment to her present housing, school, and community, mother contends that the court erred

2

in relying on mother's past consideration of moving to Pennsylvania given that the court credited her testimony that she did not presently plan to leave the state. Even accepting mother's argument and treating this factor as neutral, the evidence supports the findings on the two remaining factors, and these in turn support the court's decision. The court acted within its discretion in weighing factor seven in favor of father based on the evidence that the parties' daughter has beneficial relationships with father's girlfriend and her daughter. Additionally, and most importantly, the evidence supported the court's finding that father was better able to foster a positive relationship with mother. This was based on the facts that mother had initially not allowed father's girlfriend to transport their daughter and had proposed a contact schedule that would reduce father's contact time, especially overnights. Although mother has a different view of the evidence, the trial court's resolution of the facts is not erroneous, and we defer to it. Given the court's examination of "the attributes of each parent in light of the [statutory] factors," we conclude that the court acted within its "wide discretion" in granting parental rights and responsibilities to father. Hubbell (Gault), 167 Vt. at 156.

Mother's final argument is that the court abused its discretion in denying her motion for a continuance so she could have more time to prepare for the final hearing. The trial court has broad discretion in ruling on motions to continue. Off. of Child Support ex rel. Stanzione v. Stanzione, 2006 VT 98, ¶ 13, 180 Vt. 629 (mem.). Mother fails to demonstrate an abuse of that discretion here. While mother sought to continue the hearing, she did not provide any details of what additional evidence she sought to present or witnesses she sought to call. On appeal, she similarly fails to explain what additional evidence she was precluded from introducing or how she was prejudiced by the denial of the motion to continue. Therefore, there was no abuse of discretion in denying the motion to continue.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice

3